**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**B.M.,**

**Plaintiff,**

**v.**

**Civil Action 2:26-cv-321
Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson**

**RED ROOF INNS, INC., *et al.*,**

**Defendants.**

**OPINION & ORDER**

Defendants' Motion to Transfer Venue (Doc. 39) is before the Court. For the following reasons, the Motion is **DENIED**.

## I. BACKGROUND

Plaintiff B.M., a resident of North Carolina, filed this lawsuit in March 2026 under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a). (Doc. 1). Briefly, Plaintiff alleges that she was trafficked for sex from 2011–2016 at a Red Roof Inn in Asheville, North Carolina, operated by Defendants. (*Id.* at ¶¶ 16–17, 22–23, 38). She further asserts that Defendants knew or should have known that sex trafficking occurred on their property, they knew or should have known of the sex trafficking of Plaintiff, and they enabled and benefitted from the sex trafficking of Plaintiff. (*Id.* at ¶¶ 2–3).

Relevant here, Plaintiff alleged venue is proper because Defendants Red Roof Inns, Inc.'s and Red Roof Franchising, LLC's principal place of businesses are located in this district and all three Defendants "participated in a joint venture operating the subject hotel from a central location at Defendants' corporate headquarters." (*Id.* at ¶¶ 27–29). Simultaneously filed with their answers,

Defendants' motion seeks transfer of this case to the Western District of North Carolina under 28 U.S.C. § 1404(a). (Doc. 39). Plaintiff opposes the transfer, and this matter is ready for review. (Docs. 41, 44).

## II. STANDARD

Defendants' Motion is governed by 28 U.S.C. § 1404(a), which states: "For the convenience of parties . . . in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Defendants bear the burden of showing a change of venue is warranted. *Slate Rock Const. Co. Ltd. V. Admiral Ins. Co.*, No. 2:10-cv-1031, 2011 WL 3841691, at *5 (S.D. Ohio Aug. 30, 2011) (citing *Jamhour v. Scottsdale, Ins. Co.*, 211 F. Supp. 2d 941, 945 (S.D. Ohio 2002)).

Up front, a court must determine "whether the action 'might have been brought' in the transferee court." *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007). This probes whether the potential transferee court has subject matter jurisdiction, whether venue is proper, and whether the defendant is amendable to process issuing out of the transferee court. *Schoenfeld v. Mercedes-Benz USA, LLC*, No. 3:20-CV-159, 2021 WL 3579016, at *1 (S.D. Ohio Aug. 13, 2021) (citation omitted). Next, a court evaluates convenience to parties, as well as other public and private interest factors. *See Kay*, 494 F. Supp. 2d at 849. Private interests include:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Id.* at 850 ((quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)); *see also W. Am. Ins. Co. v. Potts*, 908 F.2d 974 (Table) (6th Cir. 1990). As for the public-interest inquiry, it "may

include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. Of Tex.*, 571 U.S. 49, 62 n.6 (2013) (internal quotation omitted). Finally, the Court considers whether the transfer is "in the interest of justice[.]" 28 U.S.C. § 1404(a). This includes consideration of judicial economy and the desire to avoid inconsistent judgments. *North v. McNamara*, 47 F. Supp. 3d 635, 648 (S.D. Ohio 2014).

Ultimately, the Court has broad discretion to transfer a case under Section 1404. *See, e.g.*, *Power Distributors, LLC v. Snowdog LLC*, No. 2:25-CV-643, 2025 WL 3187130, at *3 (S.D. Ohio Nov. 14, 2025).

## III. DISCUSSION

As noted above, Defendants move the Court to exercise its discretion and transfer this case to the Western District of North Carolina. (Doc. 39). They argue that the venue factors weigh in favor of transfer "because Plaintiff is not an Ohio resident, she alleges being trafficking in North Carolina, Plaintiff resides in North Carolina, and many of the witnesses likely reside in North Carolina." (*Id.* at 1). And while Defendants acknowledge this Court's numerous venue determinations in TVPRA cases, they contend an individualized review of this case leads to transfer. (*Id.* at 5–9).

Up front, the District Judge for this Court's TVPRA cases held that "absent jurisdictional or venue deficiencies, this Court will not exercise its discretionary power to transfer the cases to a different district court pursuant to § 1404." *In re Hotel TVPRA Litig.*, No. 2:22-CV-1924, 2023 WL 3075851, at *21 (S.D. Ohio Apr. 25, 2023). He explained:

> the Court must grapple with the realistic effects and consequences of transferring these cases to districts across the country. Sex trafficking inherently is a covert, yet pervasive, industry that results in "crime[s] of violence with [their] roots, with [their] genesis, in economics." *United States v. White*, Case 2:17-cr-021, ECF No. 46 (S.D. Ohio 2018) (Marbley, J.). The 2008 amendments to the TVPRA, adding the direct civil liability provision under § 1595, indicates that Congress intended to hold responsible not only traffickers, but anyone who "knew or should have known" they participated in a venture in violation of federal sex trafficking laws. *Schair*, 2014 WL 12495639, at *3 (the 2008 amendments broadened the parties who could be sued for trafficking violations from only the perpetrator). Because the public interest factors are the dominant factors in this analysis and they weigh against transfer of all but six of the cases in which this Court either lacks personal jurisdiction or venue is improper, it is in the interest of fairness and judicial integrity to allow these cases to proceed to the merits in a district well-versed in the controlling law and that has a strong interest in enforcing the TVPRA under the beneficiary theory. Transferring these cases does not serve the interest of justice substantially more than this district, but only distracts from the merits of this litigation.
>
> ***
>
> [T]he changing litigation landscape requires this Court to reconsider its previous calculus in C.T. regarding the § 1404(a) factors. The public interest factors have become demonstrably more important, requiring this Court to consider the impact of transferring these cases as a whole, and not in isolation.

*Id.* (citation omitted). Since then, this Court has repeatedly denied motions to transfer venue where the corporate defendants—Red Roof Inns, Inc. and its related corporate entities—are located in the Southern District of Ohio. (*See, e.g.*, 2:22-cv-03799; 2:24-cv-00389; 2:24-cv-03076; 2:24-cv-03113; 2:24-cv-03919; 2:24-cv-3991; 2:24-cv-03998; 2:24-cv-04058; 2:24-cv-04061; 2:24-cv-04141; 2:25-cv-00486; 2:25-cv-00965).

Here, Defendants—corporate entities located in this District—do not persuade the Court that it should reach a different outcome. Nothing in the record of this case indicates that the importance of the public interest factors has diminished. What's more, retaining this case serves the interests of justice, especially when considering judicial economy. *See* 28 U.S.C. § 1404(a); *North*, 47 F. Supp. 3d at 648. For example, the Undersigned instituted discovery protocols to

increase efficiency and conserve judicial and parties' resources across the TVPRA cases. (*See* Doc. 7). Finally, Defendants do not challenge jurisdiction or venue, and the Court finds that it has personal jurisdiction and the Southern District of Ohio is a proper forum pursuant to 28 U.S.C. § 1391(b)(1), (c)(2), (d).

Considering the District Judge's prior holding, Defendants' failure to distinguish this case, judicial economy weighing more against transfer, and the absence of jurisdictional or venue deficiencies, the Court declines to transfer this case.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Transfer Venue (Doc. 39) is **DENIED**.

IT IS SO ORDERED.

Date: August 4, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE